**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **KRISTA E. WISE, on behalf of** ) | 3:09-cv-00086(CSH) |
| **herself and all others similarly situated** ) | |
| **Plaintiff** ) | |
| ) | **RULE 26(f) PARTIES'** |
| ) | **PLANNING REPORT** |
| **v.** ) | |
| ) | |
| ) | |
| **CAVALRY PORTFOLIO SERVICES, LLC** ) | |
| **Defendant** ) | |
| ) | **APRIL 28, 2009** |

**Date Complaint Filed:** January 20, 2009

**Date Complaint Served:** Defendant was served via Waiver of Service of Summons on January 24, 2009. Defendant executed the waiver on January 26, 2009.

**Date of Defendant's Appearance:** Jonathan D. Elliot, of the law firm of Zeldes, Needle & Cooper, P.C., appeared on behalf of the Defendant on March 10, 2009.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties conferred on April 14, 2009 and thereafter regarding this report. The participants were: Daniel S. Blinn and Joanne Faulkner for Plaintiff and Jonathan D. Elliot for Defendant.

**I. Certification.**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II. Jurisdiction.**

    A.    *Subject Matter Jurisdiction*.  Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1692k(d) or 28 U.S.C.§§ 1367.

B.    *Personal Jurisdiction*. Personal Jurisdiction is not contested.

**III. Brief Description of Case.**

    1.  *A. Claims of Plaintiff(s)*:  Plaintiff claims that the Defendant sent her two separate collection letters and that the amount due differed in both letters.  Neither letter stated that the amount of the debt might vary from day to day because of, for example, interest, late charges or other charges.  Plaintiff also claims that neither letter notified her of her right to obtain an exact, up-to-date amount of the debt allegedly due.  Plaintiff claims that Defendant's actions were a violation of the Fair Debt Collection Practices Act, the Creditors Collection Practices Act and. Consequently, the Connecticut Unfair Trade Practices Act.  Plaintiff brings the action pursuant to 15 U.S.C. § 1692k as a class action and seeks statutory damages on behalf of herself and the class members.

    *B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant(s):*  Defendant denies the material allegations of the Complaint.

**IV. Statement of Undisputed Facts:**

    Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

    1.    The Plaintiff is a natural person residing in Trumbull, CT.

    2.    The Defendant is a Delaware limited liability corporation, with a principal place of business in Hawthorne, New York and engages in the practice of collecting defaulted debts.

**V. Case Management Plan:**

A.  *Standing Order on Scheduling in Civil Cases.*  The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.  The parties should be allowed until December 31, 2009, to complete discovery.   The Plaintiff should be allowed until November 21, 2009 to file a motion to certify the class, the Defendant should be allowed until December 21, 2009, to file its opposition to the class motion, and the Plaintiff should be allowed until January 15, 2010 to file a reply memorandum.

B.  *Scheduling Conference with the Court.*  The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  *Early Settlement Conference.*

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  The parties believe that it is premature to schedule the matter for a settlement conference prior to conducting discovery into class certification issues and the net worth of the defendant.

2.  The parties do not request an early settlement conference.

3.  The parties prefer a settlement conference with a magistrate judge or a parajudicial officer.  **N/A**

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.  *Joinder of Parties and Amendment of Pleadings.*

1.  Plaintiff(s) should be allowed until June 22, 2009, to file motions to join additional parties and until August 14, 2009, to file motions to amend the pleadings.

2.  Defendant(s) should be allowed until July 30, 2009, to file motions to join additional

parties and until May 1, 2009 to file a responsive pleading.

   E.   *Discovery.*

1. The parties anticipate that discovery will be needed on the following subjects:

   a) The identity and number of the putative class members;

   b) The defendant's collection practices; and

   c) The defendant's net worth.

   d) The plaintiff's claims for damages, if any.

2. All discovery including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may be commenced by April 15, 2009, and completed (not propounded) by December 31, 2009.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by December 31, 2009.

5. The parties anticipate in this phase that the plaintiff(s) will require a total of 2 depositions of fact witnesses and that the defendant(s) will require a total of 2 depositions of fact witnesses. The depositions may be commenced by April 15, 2009, and completed by December 31, 2009.

6. The parties reserve the right to seek leave to serve more than 25 interrogatories.

7. Plaintiff does not intend to call expert witness but reserves the right to do so.

8. Defendant does not intend to call expert witnesses but reserves the right to do so.

9. The damages analysis will depend upon the certification issue and will be addressed within thirty days of the Court's ruling on the class certification motion.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information relevant to this action, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information. The parties agree to the following procedures for the preservation,

disclosure and management of electronically stored information:  Neither party will delete any electronically stored information that is known to be relevant to the action.

11.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-production protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production.  Each party will use best efforts to identify privileged or work-production documents and will assert claims of privilege before production with a reservation of right to assert the claim post-production for good cause shown.  Upon a post-production claim of privilege, their parties and their counsel agree that they will not make further copies, electronic or otherwise, of the documents or show them to parties that have not already received them until such claim of privilege is resolved.

F.  *Dispositive Motions:*

The timing for the filing of dispositive motions will be 30 days following the Court's ruling on the class certification motion, or February 15, 2010 whichever is later.

G.  *Joint Trial Memorandum.*

The timing for the filing of the Joint Trial Memorandum will be 30 days following the Court's final ruling on any dispositive motion leaving any issues for trial on March 15, 2010, whichever is later.

**VI. TRIAL READINESS.**

The trial readiness date will be 30 days following the parties submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**Plaintiff**, Krista E. Wise

By/s/Daniel S. Blinn
   Daniel S. Blinn  (ct 02188)
   Consumer Law Group, LLC
   35 Cold Spring Road, Suite 512
   Rocky Hill, CT  06067
   Tel: (860) 571-0408
   Fax: (860) 571-7457
   dblinn@consumerlawgroup.com

**Defendant,** Cavalry Portfolio Services, LLC

By/s/Jonathan Elliot
   Jonathan Elliot, ct05762
   Zeldes, Needle & Cooper, P.C.
   1000 Lafayette Boulevard
   P.O. Box 1740
   Bridgeport, CT  06601-1740
   (203) 333-9441
   Fax: (203) 333-1489
   jelliot@znclaw.com

## CERTIFICATION

I hereby certify that on this 28th day of April, 2009, a copy of foregoing Report of Parties' Planning Conference was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                      /s/Daniel S. Blinn
                                      Daniel S. Blinn