# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTA E. WISE, on behalf of | ) | |
| herself and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | **CASE NO. 3:09 CV 86 (CSH)** |
| CAVALRY PORTFOLIO SERVICES, LLC | ) | |
| Defendant. | ) | **May 4, 2009** |

## FIRST AMENDED COMPLAINT -- CLASS ACTION

## INTRODUCTION

1.      Plaintiff brings this class action against defendant to obtain relief for herself and the classes she proposes to represent for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110b, -g ("CUTPA").

## JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k(d) or 28 U.S. C. §1367. Venue in this District is appropriate because Defendant's collection demands were received in Connecticut; all class members are located in Connecticut; and Defendant intentionally aimed the activities at issue toward Connecticut residents.

## PARTIES

3.      Plaintiff  Krista E. Wise is a natural person who resided in Connecticut at all relevant times.

4.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5.      Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).  The

principal purpose of Defendant is the purchase or collection of defaulted debts using the mails and telephone.

6.      Defendant engaged in collection efforts and communicated with Plaintiff on or after one year before the date of the filing of this action, in connection with collection efforts with regard to plaintiff's account allegedly originating with Citibank, N.A.

7.      Defendant reported plaintiff's account as past due to the credit bureaus.

8.      Plaintiff did not bargain for illegal collection tactics.

## FACTUAL ALLEGATIONS

9.      Defendant  claims that Cavalry SPV I, LLC ( "SPV") purchased Plaintiff's defaulted Citibank account in or about March 2008.

10.     Thereafter, Defendant engaged in collection efforts on behalf of SPV.

11.     The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

12.     On or about March 11, 2008, the Defendant wrote and sent to the Plaintiff by U.S. mail a collection or dunning letter (the "March 11 Letter") which attempted to induce Plaintiff into paying the debt.  A copy of the March 11 Letter is attached to the original complaint as Exhibit 1.

13.     The March 11 Letter stated that an "Outstanding Balance" was due in the amount of seven thousand one hundred seventy eight dollars and forty-three cents ($7,178.43).

14.     On or about November 12, 2008, the Defendant wrote and sent to the Plaintiff by U.S. mail a collection or dunning letter (the "November 12 Letter") which attempted to induce Plaintiff into paying the debt.  A copy of the November 12 Letter is attached to the original complaint as

Exhibit 2.

15.     The November 12 Letter stated that a "Balance" was due in the amount of seven thousand nine hundred eighty-eight dollars and ninety-nine cents ($7,988.99).

16.     The "Balance" as claimed by Defendant between each of the Letters increased.

17.     None of the Letters stated that the amount of the debt might vary from day to day because of, for example, interest, late charges or other charges.

18.     None of the Letters notified Plaintiff of her right to obtain an exact, up-to-date amount of the debt allegedly due.

19.     The case of *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F. 3d 872 (7th Cir. 2000), sets forth "the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day." *Id*. at 876.

20.     Defendant did not comply with that duty. *See also Goins v. JBC & Assocs.,* 352 F. Supp. 2d 262, 269 (D. Conn. 2005).

21.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was intentional, willful and in reckless disregard for federal rights of the Plaintiff.

22.     Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its letters into compliance with the FDCPA or applicable Connecticut law, but neglected to do so and failed to adequately review its actions to ensure compliance with said law.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

A.    All persons in the State of Connecticut to whom, during the three years prior to the filing of this Complaint, Defendant sent one or more Letters or other communications substantially in the form of one of the Letters in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service.

B.    All persons in the State of Connecticut to whom, during the one year prior to the filing of this Complaint, Defendant sent one or more Letters or other communications substantially in the form of one of the Letters in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service.

24.    Each Class is so numerous that joinder of all members is impracticable.

25.    Upon information and belief, Defendant sent hundreds if not thousands of dunning letters virtually identical to the Letters to consumers throughout the State of Connecticut, and many times that number throughout the United States.   Thus, although the precise number of Class members is known only to the Defendant, Defendant regularly collected or attempted to collect purchased and defaulted consumer debts.   Because the Letters are standard form letters sent to consumers, numerosity may be presumed.

26.    A principal question of law common to the Class predominates over  any questions affecting only individual Class members.   The principal question is whether Defendant violated the FDCPA or CUTPA by mailing the Letters or written communications substantially in the form of the

Letters to consumers during the applicable time periods.

27.     Plaintiff's claim is typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

28.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

29.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

30.     Whether a Class member was sent one of the Letters can be determined by ministerial inspection of Defendant's records.

31.     A class action is a superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA is up to $1,000.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

5

## CLAIMS FOR RELIEF

## COUNT I - VIOLATION OF THE FDCPA

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     Defendant is a "debt collector" as defined by section 1692a(6) of the FDCPA.

34.     Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

35.     The Letters sent to the Plaintiff by Defendant are each a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

36.      Defendant violated the FDCPA as to the Plaintiff and the Class. Defendant's violations include violations of 15 U.S.C. §§ 1692e,  1692e(2)(A), 1692f and 1692g(a)(1) as evidenced by the following conduct:

        (a)     Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

        (b)     Falsely representing the character, amount or legal status of an alleged debt;

        (c)     Using unfair or unconscionable means to collect or attempt to collect an alleged debt; and

        (d)     Failing to provide the consumer with a written notice containing the amount of the alleged debt.

37.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of inducing Plaintiff to pay the debt.

6

38.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff and members of the Class for actual damages, statutory damages and attorneys' fees and costs.

## COUNT II - VIOLATION OF CUTPA

39.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40.     Defendant  is a Consumer Collection Agency licensed by the Connecticut Banking Department.

41.     Plaintiff is a consumer debtor as defined by Conn. Gen. Stat. §36a-800(2).

42.     Each  of the Letters sent by Defendant was a communication within the meaning of Conn. Agencies Regs. §36a-809-3(a)(2).

43.     Conn. Gen. Stat. §36a-806 prohibits collection agencies from engaging in any practice determined by the Commissioner of Banking to be an unfair or deceptive act or practice.

44.     The Commissioner has adopted regulations, reported at Conn. Agencies Regs. §36a-809-3(f) and §36a-809-3(g), precluding false or misleading representations identical to the prohibitions set forth in the federal statute, the FDCPA.

45.     Defendant's actions as set forth above are in violation of the regulations adopted by the Commissioner of Banking under the Creditors' Collection Practices Act or the Consumer Collection Agencies Act.

46.     The Defendant's violations of the regulations adopted by the Commissioner of Banking constitute unfair or deceptive practices in violation of Conn. Gen. Stat. §42-110b(a).

47.     Defendant is liable to Plaintiff and members of the Class for actual damages, statutory

damages, punitive damages and attorneys' fees and costs.

48.     Defendant reported class members' accounts as past due to the credit bureaus.

49.     Class members did not bargain for illegal collection tactics

50.     Whether plaintiff or the class suffered ascertainable loss is a question of fact for the jury. Parker v. Shaker Real Estate, 47 Conn. App. 489, 496, 705 A.2d 210 (Conn. App. 1998), cited in Lentini v. Fid. Nat'l Title Ins. Co., 479 F. Supp. 2d 292, 302-303 (D. Conn. 2007).

51.     Ascertainable loss is a pleading requirement and does not require a showing of damages. Goins v. JBC & Associates P.C., 352 F. Supp. 2d 262, 275 (D. Conn. 2005).

## JURY TRIAL DEMAND

52.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

(b)     That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(c)     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

(d)     That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

8

(e)     That the Court award all remedies provided by remedies provided by Conn. Gen. Stat. §42-110g; and,

(f)     That the Court grant such other and further relief as may be just and proper, including punitive damages and injunctive relief.

Respectfully submitted,

**/s/ Joanne S. Faulkner**
Joanne S. Faulkner ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

Certificate of Service

I hereby certify that on May 4, 2009, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/ Joanne S. Faulkner_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772 0395
j.faulkner@snet.net

9