UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KRISTA E. WISE, on behalf of herself and
all others similarly situated,

        Plaintiffs,
v.

CAVALRY PORTFOLIO SERVICES, LLC,

        Defendant.

3:09-cv-86 (CSH)

**RULING ON DEFENDANT'S MOTION TO DECERTIFY CLASS**

HAIGHT, Senior District Judge:

    In this action alleging violations of statutes governing collections of debt, defendant moves to decertify a class previously certified by this Court.

**I. INTRODUCTION**

    Plaintiff Krista Wise brings this action against defendant Cavalry Portfolio Services, LLC ("Cavalry"). Wise sued individually and as lead plaintiff in a putative class action. She alleges that Cavalry sent her two debt collection letters which violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Count One) and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110 ("CUTPA") (Count Two).

    In prior Rulings, familiarity with which is assumed, the Court denied Cavalry's motion to dismiss plaintiff's CUTPA claim [Doc. 40], 2010 WL 1286884 (D.Conn. March 30, 2010) ("*Wise I*"), and certified classes under both statutes [Doc. 41], 2010 WL 3724249 (D.Conn. Sept. 15, 2010)

1

("*Wise II*"). *Wise II* certified classes as follows:

> Fair Debt Collection Practices Act ("FDCPA") Class: All persons with Connecticut addresses at the time to whom Cavalry sent, since the period that is one year prior to the filing of the Complaint, one or more letters or other communications in an attempt to collect a debt that was incurred for personal, family, or household purposes and which was subject to being increased by reason of interest, late charges, or other charges, and Cavalry failed in the initial letter to notify them that the debt might vary from day to day or failed to notify them that they could contact Cavalry to obtain an up-to-date amount of the debt allegedly due.
>
> Connecticut Unfair Trade Practices Act ("CUTPA") Class: All persons with Connecticut addresses at the time to whom Cavalry sent, since the period that is three years prior to the filing of the Complaint, one or more letters or other communications in an attempt to collect a debt that was incurred for personal, family, or household purposes and which was subject to being increased by reason of interest, late charges, or other charges, and Cavalry failed in the initial letter to notify them that the debt might vary from day to day or failed to notify them that they could contact Cavalry to obtain an up-to-date amount of the debt allegedly due.

2010 WL 3724249, at *8. That Ruling also appointed Wise as class representative and her then attorneys of record as class counsel.

On December 6, 2010, Wise moved to drop the CUTPA claim. Cavalry indicated that it consented to plaintiff's elimination of the state statute claim. The Court has not yet ruled on this motion. On December 23, 2010, Cavalry moved to decertify the FDCPA claim. Wise opposes that motion. This Ruling resolves the issues of whether the two certified classes remain viable and should continue in the litigation.

## II.   DISCUSSION

**A.   Standard of Review.**

"The district court's decision to decertify a class, like its decision to certify a class, is


committed to the district court's discretion and is reviewed on appeal for abuse of discretion." 5 *Moore's Federal Practice*, § 23.87 3d ed.) 405-406. The district court's discretion in that regard is derived from Fed.R.Civ.P. 23(c)(1)(C): "An order that grants or denies class certification may be altered or amended before final judgment."

**B.     The FDCPA Class**

In *Wise II*, 2010 WL 3724249, at *3-*7, I held that the putative classes satisfied all four prerequisites of Fed.R.Civ.P. 23(a), and that they fell within one of the categories of Rule 23(b), specifically, "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). On its present motion to decertify the FDCPA class, Cavalry contends that for economic reasons, a class action is not superior to individual actions, as Rule 23(b)(3) requires. Specifically, Cavalry states that under the FDCPA's damages provisions, FDCPA class members would receive "only very little (a maximum of $0.75 per class member)." Main Brief [Doc. 57] at 3. Wise does not appear to contest that figure. The case for Cavalry is that since Wise, moving to dismiss the CUPTA claim, "has decided not to pursue the CUPTA claim on a class basis because she has realized how very little each class member would receive, even if successful," it follows that "[t]he very same factors that would cause plaintiff to abandon the CUPTA class in this case militate in favor of decertification of the FDCPA class as well." *Id*. at 3-4.

Wise does not accept the reasoning-by-analogy Cavalry seeks to thrust upon her. Opposing decertification of the FDCPA class claim, she argues: "Plaintiff has good reason to choose to pursue the FDCPA class claim. CUTPA requires that a plaintiff show an ascertainable loss of money or property as a prerequisite to asserting a claim, which cannot be done in this case. By contrast, no such loss is required in an FDCPA claim, and statutory damages are recoverable even absent actual

damages." Brief [Doc. 58] at 2. That distinction is supported by Judge Chatigny's ruling in *Jones v. Midland Funding, LLC*, 755 F.Supp.2d 393 (D.Conn. 2010), where as here a plaintiff filed a putative class action alleging violations of both FDCPA and CUTPA. On cross-motions for summary judgment, Judge Chatigny held that "plaintiff prevails on the FDCPA claim because the collection letter at issue on the motion for summary judgment failed to clearly and accurately state the amount of the debt as required by the statute," but "the CUTPA claim fails as a matter of law because the plaintiff has not shown that he sustained an ascertainable loss as a result of the defendants' conduct." *Id.* at 395. Cavalry, seeking to decertify the FDCPA class at bar, attempts to dismiss *Jones* on the ground that "there is a motion for reconsideration pending," Reply Brief [Doc. 59] at 3. That averment is of no moment: Judge Chatigny's ruling is dated December 16, **2010**, it has not been altered by reconsideration or otherwise, and its reasoning seems to me impeccable.

With respect to the FDCPA class, Cavalry's core contention is that for purposes of Rule 23(b) analysis, individual actions must be "superior" to a class action where the class members' recovery would be minimal or negative. In *Wise II*, I rejected that contention in this very case, 2010 WL 3724249 at \*5-\*7, as I did previously in the prior case of *Lemire v. Wolpoff & Abramson, LLP*, 256 F.R.D. 321, 331 n. 12 . (D.Conn. 2009), and as Judge Arterton did in *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46 (D.Conn. 2000). Judge Arterton rejected the defendant's suggestion that "individual FDCPA actions would somehow provide for greater fairness and efficiency than the streamlined procedure of a class action." She chose instead to focus upon "the 'private attorney general' enforcement mechanism chosen by Congress in enacting the FDCPA," and added: "If only those recipients of the letter with significant damages, and thus incentive to sue, brought actions to

4

challenge its legality, the FDCPA would not have the deterrent and curative effect of eliminating abusive collection practices intended by Congress." *Id*. at 55 (citation omitted).

In *Jacobson* v. *Healthcare Financial Services, Inc.,* 516 F.3d 85, 91 (2d Cir. 2008), the Second Circuit characterized the "private attorney general" concept as one of the statute's salutary effects: "In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." (footnote omitted). Most district courts embrace the private attorneys general concept and certify FDCPA classes as superior under Rule 23(b)(3), even if class members will make minimal or even negative recoveries. In *Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 455 (D.Neb. 2010), the court collected the cases and said: "The Court's review of the law demonstrates the decision in *Sonmore*[1] not to certify a class because of a potentially de minimus recovery for class members under the FDCPA goes against the majority of cases that have determined certification is appropriate, or at least is not prohibited, when class members may receive a de minimus recovery under the FDCPA."

Cases illustrative of that majority rule cited in *Harris* include this Court's decisions in *Lemire* and *Macarz*, as well as, notably, *Jancik v. Cavalry Portfolio Services, LLC*, No. 06-3104, 2007 WL 1994026 (D.Minn. July 3, 2007), where Cavalry, the same defendant as in the case at bar, violated the FDCPA by sending confusing collection letters to debtors. As in this case, Cavalry opposed class

---

[1] The reference is to *Sonmore v. Checkrite Recovery Services, Inc.*, 206 F.R.D. 257 (D. Minn. 2001), where the district court denied class certification under Rule 23(b)(3) for an FDCPA violation because the class members would be entitled to recover no more than $25 per member.

certification because class members' recoveries would be minimal. The *Jancik* court rejected Cavalry's argument in forceful language worth quoting:

> If it is ultimately determined that Defendant [Cavalry] violated the FDCPA, Defendant should not be allowed to avoid paying damages simply because each individual plaintiff will receive only a small recovery. Doing so would create an illogical situation in which a defendant that harmed fewer people could not avoid liability. The Court declines to create a dynamic in which such obvious disparities are allowed to operate.

2007 WL 1994026, at *11. For the same reasons, I decline to create such an illogical situation in the case at bar. I note further that the contrary conclusion – decertifying the FDCPA class because of minimal recoveries by members – would emasculate the office of private attorney general occupied by plaintiffs such as this one. I decline to do that as well, because as the Second Circuit noted in *Jacobson*, Congress contemplated that private attorneys general would further the remedial purposes of the Act. Remedial purposes such as deterrence become more important, not less so, in respect of FDCPA violators who, like Cavalry if the allegations against it are true, do not confine their illicit conduct to one jurisdiction.

For the foregoing reasons, and in the exercise of the Court's discretion, the defendant's motion to decertify the FDCPA will be DENIED.

**C.  The CUTPA Class**

Plaintiff Wise included in her complaint a putative class action alleging that Defendant Cavalry violated the CUTPA. Plaintiff successfully opposed Cavalry's motion to dismiss the CUTPA claim, *Wise I*, and the Court certified a separate CUPTA class together with the FDCPA

class, *Wise II*.[2] Notwithstanding these earlier achievements of pleading and advocacy, Plaintiff now moves to modify the certified classes so as to eliminate the CUTPA claim and class. Not surprisingly, Cavalry consents to that motion.

The parties' agreement to this *de facto* decertification of the CUPTA class does not and cannot determine whether it is appropriate for the Court to do so. Decertifiction of a previously certified class is committed to the Court's discretion and is reviewable for abuse. The interests of potential class members are implicated. The exercise of the Court's discretion, in decertifying the class or declining to do so, must be informed and its reasons articulated.

In aid of Plaintiff Wise's motion to drop the CUPTA claim and class from the action, Plaintiffs' counsel represent that the FDCPA class contains approximately 17,850 people and the CUTPA class contains approximately 26,354 people. Since the FDCPA class is a subset of the CUTPA class, there are approximately 5,504 people who are in the CUTPA class but not the FDCPA class. Furthermore, Defendant has disclosed a net worth of approximately $1,340,000, which if confirmed would limit statutory damages under FDCPA to $13,400, which is one-percent of Defendant's net worth. In these circumstances, Plaintiffs' counsel offer these explanations for eliminating the CUPTA claim and class:

> Plaintiffs no longer believe that it would [] benefit the class members to assert the CUTPA claim in light of 1) the limited amount that could be recovered; 2) the lack of provable actual damages suffered by the CUTPA class members; 3) the increased costs associated with notifying CUTPA class members, who would not benefit from the prosecution of the class; and 4) the negative impact those costs would have on class counsel's efforts to obtain a recovery for the FDCPA class members.

---

[2] Under the statutory schemes, CUPTA is a three-year class and FDCPA is a one-year class.

[Doc. 52 at 2].

Much of this reasoning is unappealing to the Court. It is difficult to discern any principled reason for eliminating the 5,504 CUTPA class members from this action in order to marginally increase the amount that the 17,850 FDCPA class members stand to recover if the suit is successful. The CUTPA class received the same letter from Defendant containing the same contested disclosures that the FDCPA class did, the only difference being the timing of receipt, given the different limitations periods under the two statutes. It is odd to argue, as Plaintiffs appear to, that the CUTPA class would somehow benefit from being excluded from this lawsuit. Certainly, saving Plaintiffs' counsel the costs associated with notifying the CUTPA class is not a good reason for eliminating the CUTPA class at this juncture, given that Plaintiffs have adequately stated a claim on behalf of that class and already obtained certification of it. Furthermore, in applying to be class counsel, Plaintiffs' counsel stated that they were willing and able in the first instance to meet the expenses of this class action lawsuit, notwithstanding that there was some uncertainty at that time as to what the actual class sizes were. The Court accepted and relied upon that representation in appointing them as class counsel.

An alternative basis for dropping the CUPTA class claim is stated by class counsel to be "the lack of provable damages suffered by the CUPTA class members." The meaning of this disclaimer is not entirely clear. If it is read to mean that there is a *total absence* of provable damages suffered by *any* CUPTA class member, then applying Judge Chatigny's ruling in *Jones v. Midland Funding, supra,* the CUPTA claim fails as a matter of law. However, the timing of Plaintiff's motion to decertify the CUPTA class is problematical. Rule 11(b), Fed.R.Civ.P., provides that an attorney presenting "a pleading, written motion, or other paper" to the court certifies that to the best of the

8

attorney's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal defenses are warranted by existing law . . ." Presumably class counsel believed that a CUPTA class claim was "warranted by existing law" when they included it in the complaint, and successfully defended the claim against Cavalry's motion to dismiss it. In consequence, counsel's present conclusion that there is a fatal "lack of provable damages suffered by the CUPTA class members" must be based upon after-acquired knowledge. If that is so, class counsel's present renunciation of the claim complies with Rule 11 practice, which subjects litigants "to potential sanctions for insisting upon a position after it is no longer tenable," and forbids attorneys from "reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have merit." Advisory Committee Notes to the 1993 Amendments to Rule 11.

### III. CONCLUSION

In the case at bar, the circumstances giving rise to counsel's seeming change of belief with respect to the legal viability of the CUPTA claim are not stated in the record. It follows that the Court is not in a position to exercise an informed discretion in deciding whether or not to decertify the CUPTA class. In consequence, the parties' joint application to decertify the CUPTA class is DENIED, without prejudice to a renewal by counsel for Plaintiffs, which must be based upon a sworn statement or statements, or other evidentiary submissions, which amplify and clarify the record with respect to the question posed by this Ruling. Those submissions must be filed and served not than February 21, 2012, failing which the Ruling denying the motion to decertify becomes final.

The Defendant's motion to decertify the FDCPA class is DENIED.

The Court's ruling with respect to the form and sufficiency of the notice or notices to be sent to class members, both FDCPA and CUPTA, is deferred pending the Court's ruling on whether the CUPTA class should be decertified.

It is SO ORDERED.

New Haven, Connecticut
February 6, 2012

                                                                          /s/ *Charles S. Haight, Jr.*
                                                                        Charles S. Haight, Jr.
                                                                       Senior United States District Judge