UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRISTA E. WISE, on behalf of herself and all others similarly situated, | |
| Plaintiffs, | |
| v. | 3:09-cv-86 (CSH) |
| CAVALRY PORTFOLIO SERVICES, LLC, | |
| Defendant. | May 7, 2012 |

### RULING ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff Krista E. Wise filed the present Motion for Order of Compliance and for Attorney's Fees (the "Motion") [Doc. 60] seeking an order compelling defendant Cavalry Portfolio Services, LLC to provide certain financial statements in response to a request for production. Plaintiff asserts that on June 25, 2009, in response to a request for production, Defendant produced its Consolidated Financial Statements for the years ending on December 31, 2007 and December 31, 2008. She further asserts that on three occasions in 2011 she requested that Defendant update its discovery responses "concerning its net worth," but Defendant did not do so. Motion at 1. She requests an order compelling Defendant to provide Plaintiff with updated discovery responses concerning its net worth and attorney's fees of $250 as a sanction, covering its costs for pursuing the Motion.

Defendant objects to the Motion, asserting that the Consolidated Financial Statements at issue are statements about entities related to Defendant, rather than about Defendant itself. Defendant's Objection to Motion to Compel ("Opp. Memo.") [Doc. 65] at 2. Plaintiff replies that she is entitled to these financial statements because a parent's financial resources may be relevant

1

in some cases. Plaintiff's Reply to Defendant's Objection to Motion to Compel ("Reply Memo.") [Doc. 68] at 2.

From the parties' briefs, it is impossible to tell how the entities are related to Defendant, and hence whether their finances are relevant to the determination of Defendant's net worth, which affects the cap on damages under 15 U.S.C. § 1692k(a)(1)(B). Defendant describes the entities vaguely as "certain related corporate affiliates"; Plaintiff uses the phrase "the parent and affiliated companies." Opp. Memo. at 2, Reply Memo. at 2. Financial information about a debt collector's affiliates may in some cases be relevant to determining its "net worth." *Mund v. EMCC, Inc.*, 259 F.R.D. 180, 186 (D.Minn. 2009). In some cases, a parent corporation may be a "debt collector" under the FDCPA. *Moore v. Nat'l Account Sys., Inc.*, No. 3:91CV00035, 1991 WL 313896, at * (D. Conn. Nov. 13, 1991); *U.S. v. ACB Sales & Serv., Inc.*, 590 F.Supp. 561, 574 (D. Ariz. 1984).

Federal Rule of Civil Procedure 26(b) defines a very broad scope of discovery. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevance has been defined "to encompass any matter that bears on, or could reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Tucker v. Am. Int'l Group, Inc.*, No. 3:09-CV-1499, 2011 WL 6020851, at *8 (D.Conn. Dec. 2, 2011).

Because the documents sought may be relevant to the issue of "net worth," and given the broad scope of discovery, Plaintiff is entitled to inspect them. Their relevance can only be determined by inspection, and Defendant has not established that they are not relevant. If Defendant has concerns about the disclosure of confidential information, it has means of dealing with them

under Rule 5(e) of the Local Rules of this Court.  Plaintiff has not, however, met its burden of establishing its entitlement to attorney's fees for bringing the Motion.

Plaintiff's Motion to Compel [Doc. 60] is GRANTED as to Defendant's compliance with Plaintiff's request for production and DENIED as to Plaintiff's request for attorney's fees. Defendant is ordered to comply with the subject request for production and serve the requested documents on Plaintiff no later than June 4, 2012.

It is SO ORDERED.

New Haven, Connecticut
May 7, 2012

                                                                                  /s/ Charles S. Haight, Jr.
                                                                                   Charles S. Haight, Jr.
                                                                                   Senior United States District Judge