UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KRISTA E. WISE, on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC,

        Defendant.

3:09 - CV- 00086 (CSH)

APRIL 10, 2013

**ORDER CONCERNING CLASS CERTIFICATION, NOTICE AND SCHEDULING**

**HAIGHT, Senior District Judge**:

    Plaintiff, Krista E. Wise, and defendant, Cavalry Portfolio Services, LLC ("Cavalry") have reached a settlement of this matter. Plaintiff and Cavalry (the "Settling Parties") having made application pursuant to Rule 23 for an order approving the settlement of this case, in accordance with the *Settlement Agreement and Release* dated March 14, 2014 (the "*Settlement Agreement*"), which together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of this case and for the dismissal of this case upon the terms and conditions set forth therein; and the Court having read and considered the *Settlement Agreement* and the exhibits annexed thereto; and the Settling Parties having been heard,

    IT IS HEREBY ORDERED:

    1. The Court approves, as to form and content, the "*Notice of Pendency of Class Action, Proposed Settlement and Hearing*" annexed as Exhibit C and D to the *Settlement Agreement*, and

1

finds that the mailing of the notice to class members substantially in the manner and form set forth in the *Settlement Agreement* meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The notice shall be mailed to class members on or before **May 15, 2013.** At or before the fairness hearing provided for by this Order, Class Counsel shall serve on Defendant's Counsel and file with the Court, proof by affidavit of the aforesaid mailings and the forwarding of mail that was returned, as provided for in the *Settlement Agreement*.

2. Class members shall be bound by all determinations and judgments in this case relating to the proposed settlement, whether favorable or unfavorable, unless such persons shall select the "To Opt-Out" option on the Claim and Opt-Out form and return it in the manner described in the Notice no later than **July 17, 2013.** A member of the Class who duly requests to be excluded in accordance with the provisions hereof shall be excluded from the Class, will not be bound by any orders or judgments entered in this case relating to this settlement and shall not receive any benefits provided for in the *Settlement Agreement* in the event it is approved by the Court.

3. Class Counsel may contact any person who has requested to opt-out, or such person's counsel if the person is represented, to discuss that person's reason for requesting exclusion. If any person who has requested to opt out of the Class elects to rescind the request and so notifies Class Counsel, that person's request for exclusion shall be deemed null and void.

4. All members of the Class who do not request exclusion therefrom may enter an appearance in this case, personally or through counsel of their own choice and at their own expense. If they do not enter an appearance, they will be represented by Class Counsel.

5. Any member of the Class who has not requested exclusion in the manner provided for in

this Order may appear and show cause why the proposed settlement of this case should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon or why the requested fees should or should not be awarded to Class Counsel; provided, however, that no class member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, or the amount of attorneys' fees to be awarded to Class Counsel, unless that person has mailed a written statement containing his or her name and address, the reasons for objections, an indication whether he or she wishes to appear and be heard at the hearing and, if desired, a memorandum of supporting authorities, and any other papers to be submitted, to Class Counsel and the Defendant's counsel on or before **July 17, 2013**. Any member of the Class who does not object in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the *Settlement Agreement* and to the award of attorneys' fees to Class Counsel or a class representative fee to the Class Representative.

6. A final hearing (the "Hearing") shall be held before this Court on **September 18, 2013** at **11:00 A.M.** in the **Connecticut Financial Center, 157 Church Street, New Haven, Connecticut, in the Courtroom on the 17th Floor**, to determine (i) whether the proposed settlement of this case on the terms and conditions provided for in the *Settlement Agreement* is fair, reasonable and adequate to members of the classes and should be approved finally by the Court, and (ii) the reasonableness of the plaintiff's requests for attorneys' fees and costs.

7. No later than ten (10) calendar days prior to the Hearing, Class Counsel shall file with this Court and serve on opposing counsel copies of (a) submissions in support of the proposed

Settlement; (b) applications for a class representative fee and for attorneys' fees and costs; (c) any statements of objection to the Settlement submitted by Class Members. Class Counsel may also file at that time any submissions responding to objections by Class members. Counsel shall serve a copy of any such responsive submissions on opposing counsel and also on the person (or his or her counsel) who made the objection to which the submission is responsive.

8. The Court reserves the right finally to approve the *Settlement Agreement* with modifications and without further notice to members of the Class, to adjourn the date of the hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

It is SO ORDERED.

Dated:  New Haven, Connecticut
April 10, 2013

 /s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge